**Leonard BALDAUF, Plaintiff–Appellant,**

v.

**John HYATT; Robert Fahey, Lieutenant, Fremont Corr. Facility; Gary Neet, Warden; Gloria Masterson; Charles Tappe, Hearing Officer; Richard Martinez, Hearing Officer; Betty Fulton, Case Manager; David Roberts, Case Manager; Paul Carreras, Lieutenant; William Zalman, Director of Offender Services; Connie Davis, Sergeant; Patricia Romero, Mental Health Case Worker; Ken Maestas, Lieutenant; Sgt. Garcia; Lieutenant Carr; David Archuleta, Sergeant; Chad Nelson, Officer; Unknown Property Officer; Nard Claar, Asst. Warden; Major Harlan, Defendants–Appellees.**

No. 03–1191.

United States Court of Appeals,
Tenth Circuit.

Jan. 26, 2005.

Leonard Baldauf, Crowley, CO, David C. Japha, Law Offices of David Japha, P.C., Denver, CO, for Plaintiff–Appellant.

Melanie Bailey Lewis, Edmund M. Kennedy, Hall & Evans, Denver, CO, for Defendants–Appellees.

Before TACHA, Chief Judge, HENRY, and HARTZ, Circuit Judges.

## ORDER AND JUDGMENT[*]

HARTZ, Circuit Judge.

As the parties agree, the threshold issue before us is whether the *Heck* doctrine, *see Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars jurisdiction in this case. Whether *Heck* applies depends on whether deprivation of good-time or earned-time credits necessarily affects the duration of a Colorado prisoner's confinement. The record is inadequate to resolve this matter, and both counsel at oral argument sought remand to the district court for development of the record. Accordingly, we REMAND to the district court for further proceedings concerning whether, under the *Heck* doctrine, the district court has jurisdiction to hear Mr. Baldauf's claims. If the court determines that it has jurisdiction, it should decide the merits, conducting any further proceedings that it deems necessary.

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.